IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **United States of America**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-00208-01-CR-W-SRB |
| ) | |
| **Zackory Phillips**, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW the defendant, Zackory Phillips, by counsel, Travis D. Poindexter, Asst. Federal Defender, in accordance with Rule 32, Fed. R. Crim. P., and hereby submits the following for the Court's consideration of low-end guideline sentence of 37 months.

## BRIEF HISTORY

The facts underlying Mr. Phillips offense is detailed in the Offense Conduct section of the Presentence Investigation Report (Doc. #34). In summary, Mr. Phillips was found walking away from a stolen vehicle by the Independence Police Department while carrying a backpack. (PSR at ¶'s 3-6). Prior to his arrest, Mr. Phillips was observed dropping the backpack which was later found to contain a 9mm handgun. (PSR at ¶ 7). Mr. Phillips later admitted to knowingly possessing

1

the firearm. (PSR at ¶ 9).

## SENTENCING GUIDELINES

The guideline calculation in PSR recommends an advisory sentencing range of 37 to 46 months. Neither party has objected to this calculation.

## SUGGESTIONS IN SUPPORT OF A DOWNWARD VARIANCE

Although the guidelines are one important tool for the Court to consider, in imposing any sentence, 18 U.S.C. § 3553 directs that the Court shall impose a sentence sufficient, but not greater than necessary. A district court may not begin with the presumption that those guidelines are reasonable. *United States v. Alvizo-Trujillo*, 521 F.3d 1015, 1018-1019 (8th Cir.2008)(citing *United States v. Gall*, 128 S.Ct. 586, 596-597 (2007) and *United States v. Rita*, 127 S.Ct. 2456 (2007)).

In this case, Mr. Phillips suggest the Court consider a sentence at the low-end of the guidelines.

**History and Characteristics of Zackory Phillips**

At the time of sentencing, Mr. Phillips will be 27 years old. While Mr. Phillips never met his father and was placed in foster care as a young child, he was able

reconnect with his mother at 15 and ultimately earn his GED when he was 19 years old. (PSR at ¶ 48, 57).

Unfortunately, Mr. Phillips found his mother after she succumbed to an overdose of narcotics and has, since that point, struggled with depression and anxiety. Shortly thereafter, Mr. Phillips began abusing prescription medications and heroin. (PSR at ¶ 56). While Mr. Phillips had no criminal history as a juvenile, his substance abuse issues eventually led to a number of negative contacts with law enforcement while supporting his addiction.

**Promoting Respect for the Law & Deterrence**

Upon his arrest, Mr. Phillips accepted responsibility for his actions. He agreed to speak with investigators and admitted his unlawful firearm possession. He appeared before this Court and entered his plea of guilty recognizing that he faced a significant punishment.

**Protection of the Public from Further Crimes**

In addition to the term of custody, Mr. Phillips will be under a term of supervised release to this Court for an additional 2 to 3 years. (PSR at ¶ 64). This will allow the Court to appropriately monitor Mr. Phillips' conduct for a substantial period of time. If he were to violate any of the Court's directives, he

3

would face an additional term of imprisonment of up to two additional years. This level of supervision would adequately allow the Court to protect the community and ensure that Mr. Phillips' is positively contributing to the community.

## CONCLUSION

A review of Mr. Phillips case in light of the sentencing factors enumerated in 18 U.S.C. § 3553 demonstrates that an excessive sentence is not warranted and a sentence that is no greater than 37 months would be just and reasonable in this case.

Respectfully submitted,

 */s/ Travis D. Poindexter*
TRAVIS D. POINDEXTER
Assistant Federal Public Defender
1000 Walnut, Suite 600
Kansas City, MO 64106
(816) 471-8282
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

In accordance with Rule 49(a), (b) and (d), Fed. R. Crim. P., and Rule 5(b), Fed. R. Civ. P., it is hereby CERTIFIED that one copy of the foregoing motion was electronically filed and delivered on the ECF system on March 23, 2021.

*/s/ Travis D. Poindexter*
TRAVIS D. POINDEXTER